UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS VAN ALSTYNE,

          Plaintiff,

    v.

MICHAEL READ, READ &
ALIOTTI, NATIONWIDE MUTUAL
INSURANCE COMPANY, and
DOES 1-10,

          Defendants.
_____/

NO. CIV. S-12-0660 LKK/GGH

O R D E R

The instant action follows several years of litigation in state court (the "underlying action"). The complaint alleges six causes of action: violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.); declaratory relief; breach of contract; deceit; violation of subpoena, and California Civil Procedure § 1992; restitution. Now pending before the court is a motion to remand, ECF No. 8. For the reasons discussed herein, the motion is GRANTED.

**I. Background**

The underlying action was filed by plaintiff in state court

in April 2005. That action alleged nuisance and other tort claims and breach of contract arising from water that was allegedly draining from the defendant's property, causing damage to plaintiff's property. The defendants in the instant case are the lawyers and insurance agency of the defendants in the underlying case. Plaintiff lost the underlying case after a jury trial. Following appeal and remand, the following was ordered: discovery sanctions issued against plaintiff in the amount of $4,331.30, which plaintiff had already paid, were reversed and plaintiff was awarded that amount; plaintiff was ordered to pay, and did pay $25,202.24 in costs; the defendants in the underlying case were awarded $62,638.20 in expert fees. Plaintiff deposited the $62,638.20 with the court.

Prior to the trial court's order after remand, plaintiff served a subpoena on defendants, seeking production of documents related to the expert witness fees. According to plaintiff, defendant Read did not properly respond to the subpoena. According to defendants in this case, the subpoena was not properly served, but defendants nevertheless produced responsive documents. In the instant action, plaintiff claims that defendant violated California Code of Civil Procedure §1992 by failing to respond to the subpoena, and seeks statutory damages plus penalties. Plaintiff claims that without the documents requested in the subpoena, he was unable to present evidence to the court that the memorandum of costs was inaccurate.

Plaintiff appealed the trial court's award of witness fees.

That award was affirmed on appeal, and the California Supreme Court denied a petition for rehearing.

Plaintiff alleges that defendant Read sends threatening letters asserting that plaintiff owes interest on the $62,638 in expert fees. This conduct, according to plaintiff, violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. This is the basis for plaintiff's first claim for relief, and the only federal claim.

Plaintiff filed the instant action in Sutter County Superior Court in November 2010, and defendants removed it to federal court on March 15, 2012. Pending before the court is a motion by plaintiff to remand the action back to state court.

## II. Standard for a Motion to Remand

The removing defendant always has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170, 1171 (9th Cir. 1999). A defendant may remove any state court action to federal district court if the latter court has original jurisdiction under "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441; see also 28 § U.S.C. 1331. Whether a cause of action arises under the Constitution, treaties or laws of the United States must be determined solely from what is contained in the plaintiff's well-pleaded complaint. Taylor v. Anderson, 234 U.S. 74, 75-76, 34

S. Ct. 724, 58 L. Ed. 1218 (1914). Federal jurisdiction is not proper when the federal question only arises through the defendant's defense or the plaintiff's necessary response thereto. Id.; Christianson v. Cold Indus. Operating Corp., 486 U.S. 800, 809, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).

### III. Analysis

**A. Plaintiff's federal claim**

Plaintiff's complaint alleges one federal claim and several state claims. Plaintiff's claim under the Federal Debt Collection Practices Act clearly arises under federal law, and this court has jurisdiction over it. 28 U.S.C. § 1331. Plaintiffs FDCPA claim is that the defendants made false representations to plaintiff with respect to interest purportedly owed by plaintiff to defendants on the $62,638 in expert witness fees. Plaintiff alleges that "defendant Michael Read continues to send threatening letters on his attorney letterhead via the United States mail asserting that interest is still owed, and that he will begin enforcement proceedings. . . Read has not included with his collection letters, nor followed within the five-day statutory period, the validation notices required by [the FDCPA].

**B. Supplemental jurisdiction**

The court has "supplemental jurisdiction over all other claims that are so related to the [federal claim] that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if "(1)the claim raises a novel

4

or complex issue of State law, (2)the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

If an action is removed to federal court on the basis of federal question jurisdiction, and contains a claim not within the original or supplemental jurisdiction of the district court, the district court "shall sever from the action all claims [over which the court lacks original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed. 28 U.S.C. § 1441(c)(2).

In this case, plaintiff requests that the court decline to exercise supplemental jurisdiction over the state law claims, and remand them to state court.

A predicate to plaintiff's single federal claim under the FDCPA is a determination of whether defendants' representations that plaintiff owes them interest are false. That determination is a state-law question: whether interest accrues on expert witness fee awards after the plaintiff tenders the amount and deposits it with the court. As his second cause of action, plaintiff seeks declaratory relief in the form of a judgment that, *inter alia*, interest does not accrue once plaintiff has tendered an offer of payment of the expert witness fees, and that offer has been rejected by the defendants. The court finds that there is a

5

compelling reason for that question to be resolved by the state court, and also that this is a novel issue of state law. Neither party has cited a state court case resolving this legal question. The court is compelled to decline jurisdiction on this claim so that the state court may develop its own rules, or apply them if they are already in existence, about the accrual of interest on state court-ordered expert witness fee payments. Permitting the state court to develop its own rules on this question "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988).

Accordingly, the court will STAY plaintiff's federal claim under the FDCPA (the first cause of action), and REMAND plaintiff's second cause of action, by which he seeks declaratory relief in the form of a judgment that the written offer of tender of the expert witness fees, and rejection thereof by defendants, terminates the accrual of interest on the fee award.

The remaining state law claims are thus: the remainder of the second cause of action for declaratory relief (by which plaintiff seeks a judgment that the written settlement between the parties is a full and final settlement of the underlying action); the third cause of action for breach of the settlement agreement; the forth cause of action for deceit by defendants by entering into the settlement agreement without the intention of performing on their obligations; the fifth cause of action for statutory damages for violation of a subpoena issued within the underlying state-court

action; the sixth cause of action for restitution of funds paid to defendants as a discovery sanction, where the sanction was vacated; and the seventh cause of action for statutory damages for failure to provide an acknowledgment and satisfaction of judgment.

In light of the court's stay of the federal claim, the court finds that these remaining state law claims substantially predominate over the federal claim, and the court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(2). On remand, the state court's decision on the issue of the accrual of interest may resolve plaintiff's federal claim. For the court to retain jurisdiction over the remaining state law claims, only to later dismiss the federal claim and remand pursuant to 28 U.S.C. § 1367(c)(3), would be contrary to judicial economy and convenience to the parties.

### IV. Conclusion

For the foregoing reasons, the court ORDERS as follows:

[1] Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action are SEVERED from the instant action and REMANDED to the state court for further proceedings.

[2] Plaintiff's First Cause of Action for violation of the Fair Debt Collections Practices Act is STAYED pending resolution of the state court proceedings on remand.

IT IS SO ORDERED.

DATED: May 8, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT